T.C. Memo. 1996-16


UNITED STATES TAX COURT


JOSEPH M. INMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23997-92.          Filed January 22, 1996.


Joseph M. Inman, pro se.

<u>Roberta Duffy</u>, for respondent.


MEMORANDUM OPINION


SWIFT, <u>Judge</u>:  This matter is before the Court on petitioner's motion for an award of $5,000 in administrative and litigation costs under section 7430.

All section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and

Procedure.

At the time the petition was filed, petitioner resided in Laguna Niguel, California.

In January of 1992, respondent began an audit of petitioner's 1988 Federal income tax return (1988 return). During the audit, petitioner did not appear at any of the conferences scheduled with respondent's representatives, and petitioner did not provide respondent any requested information. Instead, petitioner forwarded all correspondence from respondent to Gary Dragna (Dragna), his alleged representative.

In the late spring of 1992, Dragna wrote to respondent claiming to have a power of attorney (POA) from petitioner and demanding that respondent cease any further examination of petitioner's 1988 return. Respondent could not locate a copy of a POA for Dragna with respect to petitioner, and respondent notified petitioner and Dragna accordingly.

In light of petitioner's failure to provide requested information to respondent's representative, on July 27, 1992, respondent issued a notice of deficiency to petitioner disallowing a $17,862 loss deduction claimed on the 1988 return relating to a purported farming activity. Therein, respondent determined a deficiency in petitioner's Federal income tax for 1988 of $5,055 and additions to tax for failure to timely file an income tax return and for negligence. On October 27, 1992,

petitioner filed a petition with this Court alleging that respondent had erroneously disallowed the $17,862 claimed loss.

After the petition was filed in this case, from November of 1992 through the summer of 1993, petitioner failed to respond to correspondence from respondent's Appeals Office, to appear at conferences with respondent's trial counsel, or to otherwise provide respondent with information that respondent had requested. During this time, Dragna attempted to represent petitioner before respondent's Appeals Office and respondent's District Counsel's Office. Petitioner and Dragna, however, were repeatedly notified that respondent could not locate a POA on file for Dragna. Respondent, however, did provide to petitioner answers to certain questions raised by Dragna with respect to the basis for the notice of deficiency and to other matters.

In September of 1993, a month before this case was scheduled for trial, petitioner mailed to respondent documents regarding the deductibility of the $17,862 claimed farming loss. The documents generally related to petitioner's purchase in 1982 of a residence and a 20-acre parcel of real property in Copperopolis, California. None of the documents, however, corroborated that petitioner was engaged in any type of farming activity. Respondent reviewed those documents but reasonably determined that they did not establish that petitioner was entitled to deduct the claimed farming loss.

On October 13, 1993, a week before trial, petitioner filed his pretrial brief in which, for the first time, petitioner argued that the entire $20,075 reported as taxable income on his 1988 return had been mistakenly reflected as such by Dragna, who had prepared petitioner's 1988 return, and that the $20,075 in reported taxable income actually represented nontaxable loan proceeds. Trial of petitioner's case was continued until January of 1994 to allow petitioner time to corroborate further his new claim as to the nontaxable nature of the $20,075.

In late December of 1993, respondent received from petitioner documents that satisfied respondent's representative as to the nontaxable nature of the $20,075, and in January of 1994 petitioner's case was settled on that basis. Petitioner never established the deductibility of the $17,862 claimed farming loss, and the settlement that was entered into did not reflect any deduction with regard thereto.

Pursuant to the settlement, we entered a decision reflecting no deficiency in income tax due from petitioner for 1988 and reflecting no additions to tax. When petitioner filed the instant motion for an award of administrative and litigation costs, we vacated our decision pending the outcome of petitioner's motion for administrative and litigation costs.

Petitioner did not attach to his motion an affidavit, as required by Rule 231(b)(5), supporting his claim that he satisfied the net worth requirement of section 7430(c)(4)(A)(iii). Moreover,

petitioner did not differentiate between which portion of the alleged $5,000 in costs was incurred as administrative costs and which portion was incurred as litigation costs. See Rule 231(d).

Under section 7430(a), a "prevailing party" may be awarded reasonable administrative and litigation costs. Sher v. Commissioner, 861 F.2d 131, 133 (5th Cir. 1988), affg. 89 T.C. 79 (1987); Miller v. Commissioner, T.C. Memo. 1993-346. To qualify as a prevailing party, however, the taxpayer must establish that respondent's position was not substantially justified. Sec. 7430(c)(4)(A)(i); Comer Family Equity Pure Trust v. Commissioner, 958 F.2d 136, 139 (6th Cir. 1992), affg. per curiam T.C. Memo. 1990-316.

Whether respondent's position was substantially justified depends upon whether respondent's position was unreasonable in light of all the facts and circumstances of the case and in light of legal precedents. Whitesell v. Commissioner, 90 T.C. 702, 707 (1988); Chandler v. Commissioner, T.C. Memo. 1993-72. Generally, respondent's concession of all or part of a case is not by itself sufficient to establish that respondent's position was unreasonable. Sokol v. Commissioner, 92 T.C. 760, 767 (1989); Wasie v. Commissioner, 86 T.C. 962, 968-969 (1986).

The taxpayer must also establish that the taxpayer exhausted available administrative remedies within the Internal Revenue Service, sec. 7430(b)(1); that the taxpayer did not unreasonably protract the proceedings, sec. 7430(b)(4); and that the fees and

costs requested are reasonable, sec. 7430(c)(1)(B)(iii).

Petitioner argues, among other things, that respondent acted unreasonably and that respondent's refusal to acknowledge Dragna as petitioner's representative prevented petitioner from establishing the deductibility of the $17,862 claimed farming loss and prevented petitioner from raising, prior to the week of the scheduled trial, his argument as to the nontaxable nature of the $20,075 erroneously reported as income on the 1988 return. Based on the above arguments, petitioner argues that respondent's position was not substantially justified and that his motion for an award of $5,000 in administrative and litigation costs under section 7430 should be granted.

Respondent argues that, in light of petitioner's failure to raise until one week before the scheduled trial the nontaxable nature of the reported income, her position herein, during the administrative proceedings and up to the time of settlement, was substantially justified. Respondent notes that the deductibility of the $17,862 claimed farming loss has never been established by petitioner, that it was not allowed in the settlement, and that petitioner obviously does not qualify as a prevailing party with regard thereto. Respondent notes further that petitioner never established Dragna's authority to represent petitioner although respondent gave petitioner and Dragna every opportunity to do so.

Respondent also argues that petitioner unreasonably protracted the administrative and litigation proceedings by not cooperating with respondent.

We agree with respondent on all points. Once respondent received sufficient documents relating to the erroneously reported $20,075, respondent acknowledged the nontaxable nature thereof. We conclude that respondent's representatives were not unreasonable in failing to settle petitioner's case sooner than January of 1994. See Meeker v. Commissioner, T.C. Memo. 1994-290, affd. without published opinion 62 F.3d 396 (5th Cir. 1995); Goodrum v. Commissioner, T.C. Memo. 1992-422.

Petitioner, by not cooperating with respondent, unreasonably protracted the proceedings in this case and did not exhaust his administrative remedies with respondent. Further, respondent's failure to recognize Dragna as petitioner's legal representative was not unreasonable. Having settled this case without pursuing the deductibility of the claimed farming loss, petitioner does not qualify as a prevailing party with regard thereto.

Petitioner is not entitled to an award of administrative and litigation costs.

An appropriate order and decision will be entered.